**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **KENDARION JENNINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 25-cv-2930-TLP-tmp** |
| | ) | |
| **EXPERIAN INFORMATION SOLUTIONS, LLC, AMERICAN EXPRESS NATIONAL BANK, CITICORP CREDIT SERVICES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Before the court is Defendant American Express National Bank's ("American Express") Motion to Dismiss, filed February 20, 2026.[1] (ECF No. 34.) *Pro se* Plaintiff Kendarion Jennings filed a response on March 2, 2026, to which American Express filed a reply on March 16, 2026. (ECF Nos. 35, 37.) For the reasons below, the undersigned recommends that the Motion to Dismiss be denied as moot.

Jennings filed his initial complaint on October 6, 2025, and his first amended complaint on November 12, 2025, both alleging

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* (ECF Nos. 2, 22.) Following the filing of American Express's Motion to Dismiss in February, on May 29, 2026, Jennings filed a Motion for Leave to File Second Amended Complaint. (ECF No. 50.) The undersigned reviewed the record and found that under the liberal standard of Federal Rule of Civil Procedure 15, it was in the interest of justice to allow Jennings to amend his complaint. (ECF No. 52.) The undersigned instructed Jennings to file his second amended complaint. (Id.) "The general rule is that filing an amended complaint moots pending motions to dismiss." Crawford v. Tilley, 15 F.4th 752, 759 (6th Cir. 2021); Rice v. Truthfinder, LLC, No. 5:26-cv-187, 2026 WL 2017216, at *4 (N.D. Ohio July 13, 2026). Therefore, the second amended complaint will supersede the first amended complaint as the operative pleading, and American Express's Motion to Dismiss is moot and denied without prejudice.

For these reasons, the undersigned recommends that American Express's Motion to Dismiss be denied as moot. American Express may then either file an answer or renew their motion to dismiss.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

July 17, 2026
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**